

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-11-2005

# USA v. Jones

Precedential or Non-Precedential: Precedential

Docket No. 04-1333

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Jones" (2005). *2005 Decisions.* Paper 616.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/616

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-1333
_____

UNITED STATES OF AMERICA

v.

FELTON JONES

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 97-cr-00193)
District Judge:  The Honorable Berle M. Schiller

_____

ARGUED JUNE 30, 2005

BEFORE: NYGAARD, SMITH, and
FISHER, Circuit Judges.[*]


(Filed:  August 11, 2005)

Paul M. George, Esq. (ARGUED)
McKinney & George

_____

[*]The Honorable Richard Lowell Nygaard assumed Senior Status
on July 9, 2005.

239 South Camac Street
Philadelphia, PA 19107
       Counsel for Appellant

Thomas M. Zaleski, Esq. (ARGUED)
Office of the United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
       Counsel for Appellee

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Appellant Felton Jones was convicted by a jury of conspiracy to distribute cocaine and distribution of cocaine within 1,000 feet of a school, in violation of 21 U.S.C. § 860 and 21 U.S.C. § 846. The District Court determined that Jones' prior convictions placed him in Criminal History Category II under the Guidelines and sentenced him to 188 months' imprisonment. Jones filed a *pro se* petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, which was denied by the District Court. He now appeals. Essentially,

Jones contends that his sentencing counsel was ineffective for failing to argue that he was denied counsel in one of the prior convictions used to compute his criminal history category. We will affirm.

## I.

The facts relating to Jones' underlying cocaine conviction are not relevant for purposes of this *habeas* petition. After being convicted by a jury of conspiracy to distribute cocaine, and distribution of cocaine within 1,000 feet of a school, Jones was sentenced. Initially, the District Court imposed a sentence of 168 months' imprisonment, which the Judge described as "very harsh." Immediately after this sentence was imposed, however, the Government objected, arguing that for a defendant with a Category II criminal history designation, the Sentencing Guidelines mandated a longer sentence. After reviewing Jones' criminal history designation and the Guidelines, the District Court agreed and imposed a sentence of 188 months' imprisonment.

3

Jones' criminal history designation was the result of two prior convictions: a 1991 New Jersey conviction for simple assault and a 1992 conviction for cocaine possession. At the time of his sentencing, Jones did not object to the use of the 1991 conviction. Almost a year later, however, Jones filed a *pro se* petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He asserted that in his 1991 guilty plea for simple assault, he was denied his right to counsel, and therefore the conviction cannot be used to enhance his sentence. More specifically, Jones alleged that his sentencing counsel was ineffective for failing to challenge the use of the 1991 simple assault charge to enhance his sentence.

A Magistrate Judge held a hearing and appointed counsel to address the limited issue of whether Jones knowingly and voluntarily waived his right to counsel in the 1991 simple assault guilty plea. No court records exist to indicate whether Jones knowingly and voluntarily waived his right to counsel, or whether he was even advised of his right. Consequently, the

4

Magistrate Judge also addressed the question of whether Jones or the Government bore the burden of proving that Jones had waived his right to counsel. The Magistrate Judge concluded that the presumption of regularity applied to the New Jersey proceedings, and therefore Jones bore the burden of proving that he had been unconstitutionally denied his right to counsel. The Magistrate Judge went on to conclude that Jones had failed to meet his burden. Accordingly, Jones could not prove that he suffered any prejudice, even assuming that his counsel had erred by failing to raise the issue. The District Court adopted the Magistrate Judge's Report and Recommendation and denied the *habeas* petition.

We granted a certificate of appealability on the narrow issue of whether a section 2255 movant bears the burden of proof in demonstrating that a prior uncounseled guilty plea, which has been employed to enhance the sentence of a subsequent federal conviction, was not knowing, intelligent, and voluntary where the record is silent and the movant affirmatively

5

alleges that there was no valid waiver of counsel. We need not reach that issue. Assuming, without deciding, that Jones did not knowingly waive his right to counsel, we conclude that Jones was not constitutionally entitled to counsel for his 1991 simple assault plea. Thus, his sentencing counsel was not ineffective in failing to object to his criminal history category.

## II.

Because the 1991 simple assault conviction is at the heart of this appeal, we will address it in some detail. That said, there are no transcripts of the guilty plea, so we know relatively little about the conviction. We know that Jones entered a guilty plea to the charge of simple assault in the Municipal Court of Phillipsburg, New Jersey. In New Jersey, the crime of simple assault is considered a disorderly persons offense, or in some cases, a petty disorderly persons offense. N.J. STAT. ANN. § 2C:12-1 (1990). We know that Jones was unrepresented when he entered his plea. We know that Jones was not actually

6

imprisoned for his crime; the only punishment he received was an order to pay a fine and restitution totaling approximately $150.[2]  Finally, we know that there is a "computer printout," apparently the only record of the New Jersey proceedings, which indicates Jones was charged with aggravated assault at some point during the investigation or court proceedings.

### III.

The key fact in this case is that Jones was convicted of simple assault, a disorderly persons offense, for which he was not actually imprisoned.  Thus, we need not engage in conjecture regarding what role any charges for aggravated assault played in Jones' criminal proceedings.  The Supreme Court has described when a criminal defendant's Sixth Amendment right to counsel comes into play in both felony and misdemeanor cases.  In a felony case, the Constitution requires

---

[2]At the hearing before the Magistrate Judge, the Magistrate Judge indicated that Jones was fined $55 and ordered to pay restitution.  Jones stated that he did not remember paying restitution, but recalled paying approximately a $150 fine.  In any case, Jones was not imprisoned for the crime.

that a criminal defendant be advised of his right to counsel, and if indigent, that he be offered appointed counsel unless that right is intelligently and competently waived. *Nichols v. United States*, 511 U.S. 738, 743 n.9 (1994) (*citing Gideon v. Wainright*, 372 U.S. 335 (1965)). In a misdemeanor case, however, a criminal defendant is not always entitled to counsel.

In *Scott v. Illinois*, 440 U.S. 367, 373 (1979), the Court explained that in misdemeanor cases, the defining line of when a defendant is entitled to have counsel appointed, is actual imprisonment. This is so because "actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment." *Id.* Thus, an individual cannot be sentenced to a term of imprisonment unless the state has complied with the right to counsel. It also follows that, in misdemeanor cases, the question of whether the right to counsel has been violated can only be determined in retrospect because we cannot know whether a defendant was entitled to counsel until after he or she has received a sentence. *See id.*

8

Following its ruling in *Scott*, the Court addressed the effect of a prior uncounseled misdemeanor conviction on a subsequent sentence. *Nichols*, 511 U.S. 738. In *Nichols*, the Court explained that the Constitution did not prohibit using a prior uncounseled conviction to enhance the punishment of a subsequent conviction. *Id.* at 749. A prior uncounseled conviction, valid under *Scott*, "may be relied upon to enhance the sentence for a subsequent offense, even though that sentence entails imprisonment." *Id.* at 746-47. This is so because the enhancement does not change the penalty imposed for the earlier conviction. *Id.* at 747.

Furthermore, sentencing courts have traditionally relied on proof of conduct, not necessarily proof of conviction, to determine whether an individual should be given an enhanced sentence. *Id.* at 748. In such a situation, a defendant may face a more severe sentence if prior criminal conduct is proven by a preponderance of the evidence. *Id.* Thus, the Court reasoned, "it must be constitutionally permissible to consider a prior

9

uncounseled misdemeanor conviction based on the same conduct where that conduct must be proved beyond a reasonable doubt." *Id.*

Here, we must determine whether it is appropriate to consider a prior uncounseled misdemeanor conviction where the defendant was, at some point, charged with a felony. In some respects, this brings the two standards into conflict because in a felony case, the right to counsel attaches early in the proceedings, but in misdemeanor cases, we look on a conviction and sentence retrospectively to determine whether the right was violated. Even assuming that Jones was initially charged with aggravated assault and that his *Gideon* rights attached, we still hold that his enhanced sentence was proper.[3]

---

[3]Because we do not have the full record of the New Jersey proceedings before us, we do not speculate as to whether Jones was entitled to counsel based on those original charges. As explained below, it is the crime Jones was convicted of, simple assault, that we examine to determine whether he was entitled to counsel.

The facts before us indicate that Jones pleaded guilty to the crime of simple assault, which is not a felony. From the vantage of appellate review on a collateral petition for *habeas corpus* relief, we have the benefit of knowing the crime to which a defendant pleaded guilty or was actually convicted of committing, and the sentence he received. It is from this vantage point that right to counsel cases in misdemeanor convictions must normally be evaluated. Indeed, it is only after a sentence is imposed for a misdemeanor that a criminal defendant could mount a valid argument under *Scott* that his rights had been violated. Before sentence, a reviewing court could not know whether there was *actual* imprisonment. Thus, we look at Jones' 1991 simple assault conviction in retrospect, just as we would any other misdemeanor conviction in which a criminal defendant claims that a Sixth Amendment right to counsel was violated.

When Jones entered a guilty plea, it was to the charge of simple assault. Under New Jersey's Code of Criminal Justice,

11

simple assault is categorized as "a disorderly persons offense unless committed in a fight or scuffle entered into by mutual consent, in which case it is a petty disorderly persons offense." N.J. STAT. ANN. § 2C:12-1 (1990). Because Jones pleaded guilty to a disorderly persons offense, which is not a felony, we hold that Jones' conviction falls squarely within the bounds of *Scott* and *Nichols.* The only remaining question is whether Jones was imprisoned for this offense. *Scott*, 440 U.S. at 373. He was not. Jones received no jail time – he simply paid a fine and restitution of $150 – hence, he had no constitutional right to counsel.

In sum, because Jones did not have a Sixth Amendment right to counsel for his 1991 guilty plea, his sentencing counsel's performance in his 1998 cocaine case was not deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1983). Thus, we will affirm.